**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>    Plaintiff,<br>    v.<br>**VICTOR DANTE YOUNG**,<br>    Defendant. | Case No.: 4:19-cr-00066-YGR-1<br><br>**ORDER GRANTING EMERGENCY MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY**<br><br>Dkt. No. 47 |

On March 28, 2019, defendant Victor Dante Young pled guilty to a violation of 18 U.S.C. section 922(g) (felon in possession of a firearm and ammunition). On August 15, 2019, the Court sentenced Young to 30 months in the custody of the Bureau of Prisons ("BOP") and 3 years of supervised release. Young is currently in the custody of the BOP and incarcerated at the federal correctional institution ("FCI") in Mendota, California, with an anticipated release date of April 2, 2021 (assuming good-time credit reduction). Based on his academic progress and good behavior in prison, Young is eligible for a release to halfway house on October 15, 2020, and for home confinement on January 2, 2021.

Young moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). Young requests that the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

**I.    APPLICABLE STANDARD**

Pursuant to the amendments enacted by the First Step Act of 2018 ("FSA"), section 3582(c)(1)(A) permits a defendant to move for modification of a term of imprisonment after either: (1) the defendant has fully exhausted administrative rights to appeal a failure of the BOP to bring a

motion for sentence reduction on the defendant's behalf, or (2) "the lapse of 30 days from the receipt of such a request by the warden of defendant's facility, whichever is earlier."[1] On such a motion, the court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction….

Section 3582 directs the Court to consider the factors in 18 U.S.C. section 3553(a), consistent with applicable policy statements of the United States Sentencing Commission. The relevant United States Sentencing Guidelines states that "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. USSG § 1B1.13, Application Note 1(A). The Guidelines also require that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).[2]

The defendant bears the initial burden to put forward evidence establishing extraordinary and compelling reasons warranting a sentence reduction. *United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

---

[1] The Government does not dispute that at least 30 days have elapsed since Young made his request to the assistant warden of his facility, FCI Mendota. (*See* Dkt. No. 47-1 (handwritten "copy" of letter that was emailed to the assistant warden on April 26, 2020).)

[2] The current Guidelines were promulgated prior to the enactment of the FSA. The continued applicability of those Guidelines post-FSA is a subject of conflicting authorities. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements [after the enactment of the FSA], courts 'can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant' compassionate release." (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). The Court need not decide the issue since it finds consideration of the factors stated in the existing Guidelines useful in its exercise of discretion herein.

## II. DISCUSSION

Young argues that extraordinary and compelling reasons to modify his sentence exist because he has medical conditions—obesity and asthma—which put him at greater risk for severe illness from coronavirus disease 2019 ("COVID-19").

The Government concedes that, under current Centers for Disease Control guidelines,[3] Young's obesity places him at greater risk for severe illness from COVID-19. (*See* Dkt. No. 50 at 16 ("Given the current pandemic and the likelihood that if defendant contracted COVID-19, he would potentially suffer severe symptoms on account of obesity, the government does not contest that defendant presents an extraordinary and compelling reason[.]").) However, the government avers that Young's medical records demonstrate that his asthma is not of a kind or degree that would put Young at greater risk of severe illness, should he be exposed to COVID-19.

The government does not persuade. Although Young's medical records are mixed, the record contains some documented history that Young has moderate to severe asthma. (*See* Dkt. No. 28 at 10; Dkt. Nos. 55-2, 57-1.) The record further reflects that Young has been unable to secure the use of an inhaler to treat his asthmatic condition despite at least some requests for the use of one. (*See* Dkt. No. 55-3, 57-1.) In similar circumstances, court have found that the continued denial of an inhaler during this pandemic time sufficient to demonstrate extraordinary and compelling reasons. *See United States v. Lee*, --- F. Supp. 3d. ---, 2020 WL 2512415, at *2 (N.D. Cal. May 15, 2020). Accordingly, these conditions—separately and taken together—rise to a level sufficiently compelling to support a reduction of sentence under the circumstances.

The government further challenges that Young's release is improper because his release would pose a danger to the safety of the community, and that the sentencing factors set forth in section 3553(a) do not support his early release. The Court has reviewed its file in this matter thoroughly, including the Probation Office's initial presentencing report submitted and the more current BOP records submitted. Young has participated in vocational and life skills programming.

---

[3] *See* CDC, *People With Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 30, 2020, last visited August 4, 2020).

3

He has had no disciplinary violations since February 14, 2019, when he was taken into custody. Although one of Young's past crimes involved a robbery, the conduct occurred over ten years ago, and Young has since not had any other violent crimes demonstrating that he would be a danger to the community. Moreover, Young's remaining sentence of incarceration is limited. Under Young's currently imposed sentence, he is eligible for release to a halfway house in approximately two months, and for release to home confinement in approximately five months, before ultimately being released to supervised release in April 2021. Thus, these facts weigh in favor of granting Young's motion for compassionate release as to the issue of danger as well as the section 3553(a) factors.

Accordingly, for the foregoing reasons, the Court **GRANTS** the motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a) and **ORDERS** as follows:

1. Young's sentence of imprisonment is modified to time served and he is ordered to be released tomorrow, August 5, 2020. The Court directs the BOP to commence immediately the process of releasing Young from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps communicate and facilitate Young's imminent release.

2. The remaining portion of the original term of imprisonment shall be served as supervised release with the special condition that he shall be subject to home confinement at 7975 Fall Creek Rd, Apt. #104, Dublin, California 94568 through October 31, 2020.

   a. Following his release, Young shall relocate directly to the Dublin, CA residence;
   b. Within 72 hours of release from custody, Young shall contact the U.S. Probation office to begin the reentry process; and
   c. As soon as practicable, Young shall register for Covered California.

3. During the period of home confinement Young shall be subject to the following conditions:

   a. He shall be placed on home confinement subject to the location monitoring program as directed by the probation officer through October 31, 2020, and be monitored by location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify Young's compliance with home detention

   b. Young shall remain at the Dublin residence at all times except for activities necessary for employment; education; religious services; medical appointments; medial emergencies; attorney visits; court appearances; court-ordered obligations; or other activities, **all of which must be approved in advance** by the U.S. Probation Office.

   c. Young shall comply with the conditions of release and supervision set forth in the Judgment (Dkt. No. 38).

4. Following the completion of home confinement, until the completion of his sentence on April 2, 2021, Young shall be subject to electronic monitoring as necessary and upon the discretion of U.S. Probation Office. Electronic monitoring may include curfews.

5. Upon the completion of his sentence on April 2, 2021, Young shall be subject to the three-year term of supervised release imposed in the original sentence, during which he shall comply with the conditions of release and supervision set forth in the Judgment. (Dkt. No. 38).

6. The government shall serve a copy of this order on the Warden at FCI Mendota forthwith.

**IT IS SO ORDERED**.

Date: August 4, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**